UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**YUSUF A. SHAKOOR**,

    Applicant,

v.                                                                          Case No. 8:18-cv-1544-TPB-CPT

**SECRETARY, DEPARTMENT
OF CORRECTIONS,**

    Respondent.
_____/

## ORDER

Yusuf A. Shakoor, proceeding *pro se*, applies for the writ of habeas corpus under 28 U.S.C. § 2254. (Doc. 1). Upon consideration of the application, Respondent's response in opposition (Doc. 10), and Shakoor's reply to the response (Doc. 12), the Court **ORDERS** that the application is **DENIED**:

### Procedural History

The State of Florida charged Shakoor in three different case numbers, CRC13-19925CFANO, CRC13-19926CFANO, and CRC14-02528CFANO. A jury convicted Shakoor of one count of robbery in case number CRC13-19925CFANO, and he was sentenced to seven years in prison. (Doc. 11-2, Ex. 1, pp. 22, 25-28). The state appellate court *per curiam* affirmed the conviction and sentence. (Doc. 11-3, Ex. 5). Shakoor pleaded guilty to one count of

uttering forged bills, checks, drafts or notes in case number CRC13-19926CFANO and to four counts of false verification of ownership in case number CRC14-02528CFANO. (Doc. 11-4, Ex. 18, p. 2). He was sentenced to five years in prison in each case. (*Id.*). Shakoor did not file a direct appeal of those convictions and sentences. (*Id.*).

Shakoor moved for postconviction relief under Florida Rule of Criminal Procedure 3.850 with respect to case number CRC13-19925CFANO. (Doc. 11-3, Ex. 9). The state court denied Shakoor's postconviction motion and his motion for rehearing. (Doc. 11-3, Ex. 10; Doc. 11-4, Exs. 11 and 12). The state appellate court *per curiam* affirmed the denial of relief. (Doc. 11-4, Ex. 13). Shakoor's second Rule 3.850 motion, which the state court construed as having been filed under all three case numbers, was dismissed. (Doc. 11-4, Exs. 17 and 18). The state appellate court *per curiam* affirmed. (Doc. 11-4, Ex. 19).

Shakoor filed a petition alleging ineffective assistance of appellate counsel under Florida Rule of Appellate Procedure 9.141. (Doc. 11-4, Ex. 15). The state appellate court denied the petition. (Doc. 11-4, Ex. 16).

## **Timeliness of Shakoor's Application**

Respondent concedes that Shakoor's § 2254 application is timely to the extent it challenges the conviction entered in case number CRC13-19925CFANO. Respondent contends that the application is untimely to the

extent it challenges the convictions in case numbers CRC13-19926CFANO and CRC14-02528CFANO.

The Antiterrorism and Effective Death Penalty Act ("AEDPA") governs this proceeding. *Carroll v. Sec'y, DOC*, 574 F.3d 1354, 1364 (11th Cir. 2009). The AEDPA provides a one-year limitations period for filing a § 2254 habeas application. This period begins running on the later of "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review[.]" 28 U.S.C. § 2244(d)(1)(A). It is tolled for the time that a "properly filed application for State post-conviction or other collateral review" is pending. 28 U.S.C. § 2244(d)(2).

Shakoor was sentenced in cases CRC13-19926CFANO and CRC14-02528CFANO on April 9, 2014. (Doc. 11-4, Ex. 18, p. 2). He did not file a direct appeal in these two cases. (*Id.*). Therefore, his judgment became final on May 9, 2014, 30 days after his sentence was imposed. *See Booth v. State*, 14 So.3d 291, 292 (Fla. 1st DCA 2009) ("Appellant did not appeal his judgment and sentence. Thus, his judgment and sentence became final 30 days later when the time for filing an appeal passed."). Shakoor did not file a state court tolling application with respect to these cases, or his federal

habeas application, until more than one year after his judgment became final.[1]

Therefore, Ground Two of the § 2254 application, which concerns the validity of Shakoor's plea in these two state court cases, is untimely. *See Zack v. Tucker*, 704 F.3d 917 (11th Cir. 2013) (holding that timeliness under § 2244(d)(1) is evaluated on a claim-by-claim basis). Shakoor does not argue or establish that he is entitled to review of his untimely claim based on equitable tolling, *see Holland v. Florida*, 560 U.S. 631 (2010) or his actual innocence, *see McQuiggin v. Perkins*, 569 U.S. 383 (2013). Accordingly, the Court will not consider Ground Two.

## Standards of Review

### I. The AEDPA

As addressed, the AEDPA governs this proceeding. Habeas relief can be granted only if an applicant is in custody "in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). Section 2254(d) provides that federal habeas relief cannot be granted on a claim adjudicated on the merits in state court unless the state court's adjudication:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

---

[1] Shakoor did not collaterally challenge the convictions in these cases until he filed his second Rule 3.850 motion on August 11, 2017, more than three years after his judgment became final. Shakoor's § 2254 application was filed on June 21, 2018.

> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

A decision is "contrary to" clearly established federal law "if the state court arrives at a conclusion opposite to that reached by [the Supreme] Court on a question of law or if the state court decides a case differently than [the Supreme] Court has on a set of materially indistinguishable facts." *Williams v. Taylor*, 529 U.S. 362, 413 (2000). A decision involves an "unreasonable application" of clearly established federal law "if the state court identifies the correct governing legal principle from [the Supreme] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." *Id.*

The AEDPA was meant "to prevent federal habeas 'retrials' and to ensure that state-court convictions are given effect to the extent possible under law." *Bell v. Cone*, 535 U.S. 685, 693 (2002). Accordingly, "[t]he focus . . . is on whether the state court's application of clearly established federal law is objectively unreasonable, and . . . an unreasonable application is different from an incorrect one." *Id.* at 694; *see also Harrington v. Richter*, 562 U.S. 86, 103 (2011) ("As a condition for obtaining habeas corpus from a federal court, a state prisoner must show that the state court's ruling on the claim being presented in federal court was so lacking in justification that

there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement.").

The state appellate court affirmed the denial of postconviction relief and also denied Shakoor's petition alleging ineffective assistance of appellate counsel without discussion. These decisions warrant deference under § 2254(d)(1) because "the summary nature of a state court's decision does not lessen the deference that it is due." *Wright v. Moore*, 278 F.3d 1245, 1254 (11th Cir. 2002).

## II. Ineffective Assistance of Counsel

Shakoor raises several claims of ineffective assistance of counsel. Ineffective assistance of counsel claims are analyzed under the test established in *Strickland v. Washington*, 466 U.S. 668 (1984). *Strickland* requires a showing of deficient performance by counsel and resulting prejudice. *Id.* at 687. Deficient performance is established if, "in light of all the circumstances, the identified acts or omissions [of counsel] were outside the wide range of professionally competent assistance." *Id.* at 690. However, "counsel is strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment." *Id.*

Shakoor must show that counsel's alleged error prejudiced the defense because "[a]n error by counsel, even if professionally unreasonable, does not

warrant setting aside the judgment of a criminal proceeding if the error had no effect on the judgment." *Id.* at 691. To demonstrate prejudice, Shakoor must show "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.* at 694.

The *Strickland* standard applies to claims of ineffective assistance of appellate counsel. *Smith v. Robbins*, 528 U.S. 259, 285 (2000); *Heath v. Jones*, 941 F.2d 1126, 1130 (11th Cir. 1991). To establish a claim of ineffective assistance of appellate counsel, Shakoor must show that appellate counsel's performance was objectively unreasonable, and that there is a reasonable probability that, but for this performance, he would have prevailed on appeal. *Robbins*, 528 U.S. at 285-86.

Obtaining relief on a claim of ineffective assistance of counsel is difficult on federal habeas review because "[t]he standards created by *Strickland* and § 2254(d) are both highly deferential, and when the two apply in tandem, review is doubly so." *Richter*, 562 U.S. at 105 (internal quotation and citations omitted); *see also Pooler v. Sec'y, Dep't of Corr.*, 702 F.3d 1252, 1270 (11th Cir. 2012) ("Because we must view Pooler's ineffective counsel claim—which is governed by the deferential *Strickland* test—through the lens of AEDPA deference, the resulting standard of review is doubly

deferential.") (internal quotation and citation omitted). "The question [on federal habeas review of an ineffective assistance claim] 'is not whether a federal court believes the state court's determination' under the *Strickland* standard 'was incorrect but whether that determination was unreasonable—a substantially higher threshold.'" *Knowles v. Mirzayance*, 556 U.S. 111, 123 (2009) (quoting *Schriro v. Landrigan*, 550 U.S. 465, 473 (2007)).

## **Exhaustion of State Remedies; Procedural Default**

A federal habeas applicant must exhaust his claims by raising them in state court before presenting them in his application. 28 U.S.C. § 2254(b)(1)(A); *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999) ("[T]he state prisoner must give the state courts an opportunity to act on his claims before he presents those claims to a federal court in a habeas petition."). The exhaustion requirement is satisfied if the applicant fairly presents his claim in each appropriate state court and alerts that court to the federal nature of the claim. *Picard v. Connor*, 404 U.S. 270, 275-76 (1971).

The doctrine of procedural default provides that "[i]f the petitioner has failed to exhaust state remedies that are no longer available, that failure is a procedural default which will bar federal habeas relief, unless either the cause and prejudice or the fundamental miscarriage of justice exception is established." *Smith v. Jones*, 256 F.3d 1135, 1138 (11th Cir. 2001).

An applicant shows cause for a procedural default when he demonstrates "that some objective factor external to the defense impeded the effort to raise the claim properly in the state court." *Wright v. Hopper*, 169 F.3d 695, 703 (11th Cir. 1999). An applicant demonstrates prejudice by showing that "there is at least a reasonable probability that the result of the proceeding would have been different" absent the constitutional violation. *Henderson v. Campbell*, 353 F.3d 880, 892 (11th Cir. 2003). "A 'fundamental miscarriage of justice' occurs in an extraordinary case, where a constitutional violation has resulted in the conviction of someone who is actually innocent." *Id.*

## Discussion

### I.     Ground One

Shakoor argues that trial counsel was ineffective for failing to file a motion to suppress. In ruling on Shakoor's postconviction motion, the state court summarized the facts of the case, which involved an incident at a storage facility. Shakoor, who was living in one of the storage units, was charged with robbery of Steven Coderre, who rented a storage unit at the same facility. The state court explained:

> The evidence showed that Steven Coderre opened the door to the storage unit [where Defendant Shakoor was living], saw Defendant inside, and closed the door. Defendant then left the storage unit and proceeded to yell at the victims and demand money. Mr. Coderre gave Defendant $12 because he was scared

> and Defendant was threatening him. Defendant then demanded that Karen Lucas, the other victim, give him her purse or her pocketbook. Defendant grabbed Mr. Coderre by his arm and hit him on the top of the head. The State introduced a video of Defendant hitting Mr. Coderre. A police officer also testified that the $12 was found in Defendant's shorts pocket, Defendant admitted he wanted money from the victims, and he denied touching Mr. Coderre. Defendant testified on his own behalf that his mother owned the storage unit and she gave him the code to access it. The State did not dispute that testimony in closing argument and specifically admitted that the victim opened a storage unit that did not belong to him. . . . As Defendant admitted at trial, the victims had left the storage unit and were fleeing from him when he robbed them. There was no evidence that the victims had taken any property from the storage unit[.]

(Doc. 11-3, Ex. 10, pp. 116-17) (state court record citations omitted).

In addition to testimony that money was recovered from Shakoor's pocket, a photograph of the money was introduced into evidence. (*Id.*, p. 155). In ground nine of his Rule 3.850 motion, Shakoor argued that trial counsel was ineffective for not moving to suppress evidence of the money recovered by law enforcement. Shakoor asserted that officers lied about recovering the money from his person and claimed that it was found behind a television set in the storage unit. The state court denied Shakoor's claim:

> In ground nine, Defendant alleges that counsel failed to file a motion to suppress. Defendant alleges that a police officer reentered the leased storage unit and conducted a search, finding money behind a flat-screen television. Defendant alleges that if counsel had investigated the officer he would have found surveillance camera footage showing that the officer entered the storage facility, left and reentered the storage facility, and left the storage facility again with money in her hand before another officer left with Defendant. Defendant alleges that there is a

> reasonable probability that the motion would have been granted and it would have changed the outcome of the case.
>
> Defendant is not entitled to relief because he was not prejudiced. Even if the photograph of the money and the officers' testimony that the money was found in Defendant's pocket had been suppressed, there was overwhelming proof that Defendant had the money. The victims both testified that Defendant took the money. Defendant admitted at trial that he had the money at the end of the confrontation. The issue at trial was not whether or not Defendant had the money, but whether Defendant took the money by threatening the victims or if Mr. Coderre spontaneously gave him the money out of embarrassment. Even if the Court granted a motion to suppress this evidence, it would not have changed the outcome. Ground nine is therefore denied.

(*Id.*, pp. 122-23) (state court record citations omitted).

Shakoor has not shown that the state court unreasonably rejected his claim on *Strickland*'s prejudice prong. As the state court pointed out, testimonial evidence showed that Shakoor took money from Coderre and had the money at the end of the confrontation. (*Id.*, pp. 153-56, 178, 205, 208). As the state court further noted, the defense did not debate that Shakoor had the money. (*Id.*, pp. 252-53). Shakoor testified at trial that he never threatened the victims, and that Coderre gave Shakoor the money because Coderre was embarrassed to have opened the door to the storage unit and found Shakoor inside. (*Id.*, pp. 205-08). The defense argued that key question in the case was whether Shakoor demanded the money or whether, consistent

with Shakoor's testimony, Coderre gave him the money to diffuse the situation. (*Id.*, pp. 252-53, 256).[2]

Under these circumstances, Shakoor does not show a reasonable probability of a different outcome at trial even if a motion to suppress had been granted. Shakoor has not demonstrated that the state court unreasonably applied *Strickland*'s prejudice prong or unreasonably determined the facts in denying his claim. Accordingly, Shakoor is not entitled to federal habeas relief on this portion of Ground One.

Shakoor also argues that counsel should have filed a motion to suppress evidence of the money on the basis that it was recovered incident to an unlawful arrest. Shakoor raised this claim for the first time in his motion for rehearing of the court's order denying his postconviction motion. (Doc. 11-4, Ex. 11). In ruling on Shakoor's motion for rehearing, the state court noted that a rehearing motion may be denied if it raises a new claim, but went on to find that Shakoor's new claim did not entitle him to relief:

> [I]f the Court were to consider Defendant's new claim that counsel should have filed a motion to suppress evidence seized in violation of the knock-and-announce rule,[3] Defendant does not

---

[2] *See* § 812.13(1), *F.S.* (an element of robbery is "the use of force, violence, assault, or putting in fear" in the course of taking money or property).
[3] Section 901.19, *F.S.*, Florida's "knock and announce" statute, "defines the authority of a law enforcement officer to make a nonconsensual entry into a building in order to make an arrest." *Ortiz v. State*, 600 So.2d 530, 531 (Fla. 3d DCA 1992). When making a warrantless arrest for a felony, an officer who "fails to gain admittance" into a building or property "after she or he has announced her or his authority and purpose" may "use all necessary and reasonable force to enter any

> specify what evidence this would have been or how it would have affected the outcome of the trial. Defendant was not prejudiced because, as explained in grounds one and nine of the Court's prior order,[4] Defendant would still have been convicted without the pictures of the money seized from Defendant and the testimony that the money was found in his pocket. The majority of the evidence demonstrating Defendant's guilt, which was discussed in the Court's prior order, does not appear to be linked to the alleged violation of the knock-and-announce rule. After considering the instant motion, the Court will not grant rehearing.

(Doc. 11-4, Ex. 12, p. 294).[5]

Shakoor does not show entitlement to relief. As addressed above, even if evidence about the money recovered by law enforcement was excluded, the victims' testimony supported the robbery charge and there was no question that Shakoor had the money at the end of the incident. In light of that evidence, Shakoor fails to show a reasonable probability of a different outcome even if the trial court granted a motion to suppress on the basis identified by Shakoor. As Shakoor has not established that the state court unreasonably applied *Strickland* or unreasonably determined the facts in denying his claim, he is not entitled to relief on this part of Ground One.

---

building or property where the person to be arrested is or is reasonably believed to be." § 901.19(1), *F.S.*

[4] In addressing grounds one and nine of the first postconviction motion, the state court's order set out the facts of the case and denied Shakoor's initial ineffective assistance claim for failure to file a motion to suppress, as discussed above.

[5] When Shakoor raised this ineffective assistance claim again in his second motion for postconviction relief, the state court dismissed it, finding that Shakoor was not entitled to successive review of claims already decided against him and affirmed on appeal. (Doc. 11-4, Ex. 18, pp. 36-38).

## II. Ground Three

Shakoor contends that trial counsel was ineffective for not objecting when the trial court failed to give a requested jury instruction on a lesser-included offense. (Doc. 1, p. 17). Respondent contends that Shakoor failed to exhaust this claim as required to obtain review under § 2254. Respondent correctly notes that Shakoor did not present this claim of ineffective assistance of trial counsel to the state court in a postconviction motion. (Doc. 11-3, Ex. 9; Doc. 11-4, Ex. 17). Shakoor cannot return to state court to raise this claim of ineffective assistance of trial counsel in an untimely, successive postconviction motion. *See* Fla. R. Crim. P. 3.850(b), (h). Accordingly, the claim is procedurally defaulted. *See Smith*, 256 F.3d at 1138. Shakoor has not established that either the cause and prejudice or fundamental miscarriage of justice exception applies to excuse the default. Therefore, Shakoor's ineffective assistance of trial counsel claim is barred from review.

It appears that Shakoor also intends to raise the ineffective assistance of appellate counsel claim presented in his state habeas petition filed under Florida Rule of Appellate Procedure 9.141. In that petition, Shakoor argued that appellate counsel was ineffective for not raising the claim that the trial court committed error by failing "to give a jury instruction" on "assault and theft as a single compound less[e]r included offense." (Doc. 11-4, Ex. 15, doc.

pp. 25-26). The state appellate court denied Shakoor's petition without discussion. (Doc. 11-4, Ex. 16).

Shakoor cannot show entitlement to relief. Whether the jury instructions were proper is a question of state law. By denying Shakoor's claim, the state appellate court concluded that there was no error of state law warranting relief on appeal. This Court must defer to the state court's determination of state law in reviewing Shakoor's ineffective assistance claim. *See Pinkney v. Secretary, DOC*, 876 F.3d 1290, 1295 (11th Cir. 2017) ("[A]lthough 'the issue of ineffective assistance—even when based on the failure of counsel to raise a state law claim—is one of constitutional dimension,' [a federal court] 'must defer to the state's construction of its own law' when the validity of the claim that . . . counsel failed to raise turns on state law." (quoting *Alvord v. Wainwright*, 725 F.2d 1282, 1291 (11th Cir. 1984))); *Callahan v. Campbell*, 427 F.3d 897, 932 (11th Cir. 2005) ("[T]he Alabama Court of Criminal Appeals has already answered the question of what would have happened had [applicant's counsel] objected to the introduction of [applicant's] statements based on [state law] – the objection would have been overruled. . . . Therefore, [applicant's counsel] was not ineffective for failing to make that objection.").

Shakoor does not show that the state court unreasonably applied *Strickland* or unreasonably determined the facts in denying his claim. As a result, he is not entitled to federal habeas relief on Ground Three.

It is therefore **ORDERED** that Shakoor's application (Doc. 1) is **DENIED**. The **CLERK** is directed to enter judgment against Shakoor and to **CLOSE** this case.

It is further **ORDERED** that Shakoor is not entitled to a certificate of appealability. A prisoner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his application. 28 U.S.C. § 2253(c)(1). Rather, a court must first issue a certificate of appealability. To obtain a certificate of appealability, Shakoor must show that reasonable jurists would find debatable both (1) the merits of the underlying claims and (2) the procedural issues he seeks to raise. *See* 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Shakoor has not made the requisite showing. Accordingly, a certificate of appealability is **DENIED**. Leave to appeal *in forma pauperis* is **DENIED**. Shakoor must obtain permission from the circuit court to appeal *in forma pauperis*.

**DONE** and **ORDERED** in Chambers, in Tampa, Florida, this 30th day of August, 2021.

_____
**TOM BARBER**
**UNITED STATES DISTRICT JUDGE**